IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Daniel Riccardi, | ) |
| Plaintiff, | ) Civil Action No. 7:22-cv-1707-TMC |
| vs. | ) |
| Landrum Post Office, *Postmaster*, | ) **ORDER** |
| Defendant. | ) |

Plaintiff Daniel Riccardi, proceeding *pro se*, brought this action again Defendant Landrum Post Office violated Title 39 of the United States Code, particularly the provisions regarding the placement of mailboxes. (ECF No. 1 at 3). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On June 2, 2022, the magistrate judge issued an order directing Plaintiff to provide the necessary information and paperwork to bring the case into proper form and to pay the filing fee or file a motion for leave to proceed *in forma pauperis*. (ECF No. 6). The order further directed Plaintiff to keep the court informed as to any change of his address. *Id*. at 4. The order warned Plaintiff that failure to provide the necessary information to bring the case into proper form, including payment of the filing fee, within the time permitted or to keep the court apprised of any change in his address may subject the case to dismissal. *Id*. at 2, 4. The proper form order was mailed to Plaintiff at the address he provided to the court on June 2, 2022, (ECF No. 7), and has not been returned as undeliverable. To date, Plaintiff has failed to provide the required documents or information to bring the case into proper form, nor has he filed any response to the magistrate judge's proper form order.

1

Accordingly, now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss the complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with court orders. (ECF No. 10). Plaintiff was advised of his right to file objections to the Report. *Id*. at 4. Plaintiff filed no objections, and the time to do so has now run.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Furthermore, it is well established that a court has the authority to dismiss a case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or failure to comply with orders of the court. *See, e.g.*, *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or

statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link,* 370 U.S. 626, 630–31 (1962) (emphasis added). In addition to its inherent authority, this court may also *sua sponte* dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Attkisson*, 925 F.3d at 625.

In considering whether to dismiss an action pursuant to Rule 41(b), the court should consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the [plaintiff's history of] proceeding in a dilatory fashion; and,
>
> (4) the effectiveness of sanctions less drastic than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978) (quoting *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)) (internal quotation marks omitted). These four factors "'are not a rigid four-pronged test'" and whether to dismiss depends on the particular circumstances of the case. *Attkisson*, 925 F.3d at 625 (quoting *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)). For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order" was an important factor supporting dismissal. *See Ballard*, 882 F.2d at 95–96.

In this case, the Rule 41(b) factors weigh in favor of dismissal. As Plaintiff is proceeding *pro se*, he is personally responsible for his failure to comply with the magistrate judge's orders. Further, Plaintiff was warned that his case may be subject to dismissal if he failed to submit the necessary documents to bring the case into proper form, including payment of the filing fee. *See* (ECF No. 6). Therefore, the court concludes that Plaintiff's lack of response to the magistrate judge's proper form order indicates an intent to no longer pursue this action and subjects this case to dismissal. *See* Fed. R. Civ. P. 41(b). Furthermore, because Plaintiff was explicitly warned

that failure to respond or comply may subject his case to dismissal, dismissal is appropriate. *See Ballard*, 882 F.2d at 95.

Thus, having thoroughly reviewed the record under the appropriate standards, the court finds no clear error in the magistrate judge's Report (ECF No. 10) and is aware of no reason to deviate from the Report's recommended disposition. The court, therefore, **ADOPTS** the magistrate judge's Report, *id*., and incorporates it herein. Accordingly, Plaintiff's Complaint is **DISMISSED with prejudice** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and to comply with court orders.

**IT IS SO ORDERED.**

s/ Timothy M. Cain
Timothy M. Cain
United States District Judge

July 20, 2022
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.